MEMORANDUM **
Sandra Patricia Arana-Hernandez, a native and citizen of Guatemala, petitions for *542 review of the Board of Immigration Appeals’ (“BIA”) order summarily affirming an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Ramos-Lopez v. Holder, 563 F.3d 855, 858 (9th Cir.2009), and we deny the petition for review.
Substantial evidence supports the IJ’s finding that Arana-Hernandez failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. See id. at 861-862; see also Santos-Lemus v. Mukasey, 542 F.3d 738, 744-47 (9th Cir.2008) (holding that the group “young men in El Salvador resisting gang violence” is not a particular social group for purposes of asylum, and “general aversion to gangs does not constitute a political opinion for asylum purposes”). Accordingly, her asylum claim fails.
Because Arana-Hernandez failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Substantial evidence supports the IJ’s denial of CAT protection because Arana-Hernandez failed to show it is more likely than not that she would be tortured if returned to Guatemala. See Santos-Lemus, 542 F.3d at 747-48.
Arana-Hernandez’s contention that the BIA violated due process by streamlining her case is foreclosed by Falcon Carriche v. Ashcroft, 350 F.3d 845, 850-52 (9th Cir.2003).
In light of our disposition, we do not reach Arana-Hernandez’s remaining contentions.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.